12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel Angel MADERA-AVILA, a/k/a Angel Avila, a/k/a Miguel
Angel Madera, a/k/a Miguel Angel Avila, Defendant-Appellant.
 No. 92-50750.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Dec. 8, 1993.
 
 Before: FLETCHER, PREGERSON, and NORRIS, Circuit Judges.
 MEMORANDUM**
 Miguel Madera-Avila appeals his sentence of 45 months imprisonment imposed pursuant to his convictions for aiding and abetting the bribery of an agent of a state government in violation of 18 U.S.C. Sec. 666(a)(2), and possessing 108.38 grams of cocaine with the intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). This court has jurisdiction over this case pursuant to 18 U.S.C. Sec. 3742(a) and 28 U.S.C. Sec. 1291. We affirm.
 Obstruction of Justice
 Madera-Avila contends that the district court erred by failing to take into account all of his behavior when deciding to upwardly adjust his offense level for obstruction of justice pursuant to Sentencing Guidelines Section 3C1.1. We disagree.
 
 
 1
 We review the district court's decision to upwardly adjust Madera-Avila's offense level for clear error. United States v. Mondello, 927 F.2d 1463, 1465 (9th Cir.1991). It is undisputed that Madera-Avila failed to appear for his trial calendared for October 28, 1991. It is also undisputed that he did not return to custody until he was arrested in Nevada pursuant to the bench warrant issued upon his failure to appear for trial. We recently held that "[a]bsconding from pretrial release merits an upward adjustment pursuant to Guidelines Section 3C1.1.". United States v. Draper, Nos. 92-30088, 92-30111, slip op. 6345, 6354 (9th Cir. June 22, 1993).
 
 
 2
 Notwithstanding his failure to appear for trial, Madera-Avila argues that the district court failed to consider all of the circumstances, in particular his assistance to federal and state authorities, and urges us to remand to the district court to determine whether under all the circumstances, he obstructed justice. The record shows, however, that the district court considered his cooperation and questioned the prosecutor about the value of defendant's efforts. Specifically, the court found that information he provided the Government was stale and generally of little or no value. Accordingly, we affirm the district court's upward adjustment for obstruction of justice.
 
 Acceptance of Responsibility
 
 3
 Madera-Avila's argument that the district court erred by not adjusting his offense level for acceptance of responsibility is equally without merit. We review whether a defendant has accepted responsibility for a crime for clear error. United States v. Ford, 989 F.2d 347, 352 (9th Cir.1993). The Sentencing Guidelines provide:
 
 
 4
 Conduct resulting in an enhancement under Sec. 3C1.1 (Obstructing or Impeding Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both Secs. 3C1.1 and 3E1.1 may apply.
 
 
 5
 Madera-Avila argues that his assistance to the Government makes his case extraordinary. As we have noted, the information that Madera-Avila gave the Government was too old to be of assistance. There is nothing in this record that supports Madera-Avila's contention that his is an extraordinary case warranting downward adjustment of his offense level. The district court's refusal to reduce the adjusted offense level for acceptance of responsibility is not clear error.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3